772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAY O'DELL, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5202
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 E.D.Tenn.
 REVERSED
 ON APPEAL FROM THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: KEITH and MERRITT, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this Social Security disability benefits case, plaintiff, Ray O'Dell, appeals the District Court's judgment affirming the ALJ's denial of benefits for the period after May 26, 1982. We reverse the District Court's judgment and award benefits.
 
 I.
 
 2
 Plaintiff was seriously injured by a gunshot wound in August 1980. On October 27, 1980, plaintiff filed for disability benefits. The application was denied and plaintiff did not pursue administrative remedies. This negative decision is final regarding disability benefits prior to November 19, 1981, the date of plaintiff's second application.
 
 
 3
 Prior to his injury, plaintiff, 48, worked as a farmer, service station operator, carpenter and machine operator. Plaintiff has an eighth grade education. As a result of the gunshot wound, plaintiff lost seven ribs and suffered injuries to his small intestine, right lung and right arm. Additionally, plaintiff suffers from visual and auditory impairments. Plaintiff complains of abdominal pains, weakness, shortness of breath and nervousness. (JA. at 41, 44.) Plaintiff takes medication for his pain and nervousness. (JA. at 44.)
 
 
 4
 The medical evidence in this case may be summarized as follows. Dr. Donald E. Wallis, a general surgeon, who treated plaintiff for his abdominal injuries during his hospitalization, stated in a letter dated November 10, 1982, that plaintiff is permanently disabled due to vision impairment, partial deafness and an unstable rib cage. (JA. at 309.)
 
 
 5
 In a letter dated February 21, 1983, Dr. Angelo J. Garbarino, plaintiff's family practitioner, describes plaintiff's condition as follows:
 
 
 6
 The above mentioned O'Dell still suffers severely from the effects of a gunshot wound suffered a few years ago. His vision is very limited, he suffers from pulmonary insufficiency and is forced to move about with a cane. It is my professional opinion that his disability is 100% and I am afraid he will never improve sufficiently enough to return to work.
 
 
 7
 JA. at 313.
 
 
 8
 Dr. John C. Hoskins, plaintiff's treating opthalmologist, stated that plaintiff has a visual disability. (JA. at 294.) Dr. William J. McCoy, III, M.D. describes plaintiff as making a remarkable recovery from bilateral fungal endophthalmitis (a painful eye infection), but does not indicate whether plaintiff's impairment interferes with his ability to work. (JA. at 303.) Concerning plaintiff's auditory problems, Dr. Charles C. Hutson states the following in a letter dated April 26, 1982:
 
 
 9
 There is no change in Mr. Ray O'Dell's hearing status. He has almost disabling tinnitus, to hear him talk about it, and I suspect that it is rather severe. He has hypocusis. There is nothing I can do medically or surgically. I could consider sending him to the Vertigo Clinic at UT.
 
 
 10
 JA. at 295.
 
 
 11
 Dr. Fred F. Brown, at the Secretary's request, examined plaintiff sometime in May, 1982. On May 26, 1982, Dr. Brown wrote a letter describing plaintiff's condition. (JA. at 301-302.) Dr. Brown does not directly say that plaintiff is not disabled; however, the tone of his letter strongly implies that plaintiff is not disabled and may be faking some of his symptoms.
 
 
 12
 The ALJ found that plaintiff was not disabled. According to the ALJ, plaintiff, though impaired, possesses sufficient residual functional capacity to perform a wide range of sedentary work. (JA. at 18.) The ALJ discounted plaintiff's subjective complaints as 'not supported by the objective evidence and opinions of the physicians.' (JA. at 18.) The ALJ's decision applied equally to the period from November 19, 1981, through May 26, 1982, and after. The District Court then reversed the ALJ's decision for the period through May 26, 1982, and affirmed the ALJ's decision for the period after that date.
 
 II.
 
 13
 The question before this Court is whether there is substantial evidence for denying plaintiff benefits after May 26, 1982. In reversing the ALJ's negative decision for the period from November 19, 1982, through May 26, 1982, the District Court effectively held that there was no substantial evidence that plaintiff was not disabled for this period. We agree. The District Court then erroneously points to a single medical report--Dr. Brown's--as evidence that plaintiff's disability terminated at this time.
 
 
 14
 There is abundant evidence in the record from severalphysicians--including plaintiff's treating physician--that plaintiff's disability continued through May 26, 1982. The reports of Drs. Wallis, Hoskins, Hutson and especially Dr. Garbarino, provide substantial evidence that plaintiff's disability persists through May 26, 1982. T is evidence is to be given more weight than Dr. Brown's report which was based on a single examination and which never stated that plaintiff was not disabled. Reports from physicians who have treated plaintiff over a period of time are to be given greater weight than reports of physicians employed by the Secretary and who have examined the plaintiff only once. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983). This is especially true, of course, when the sole purpose of hiring the physician is to defend against a disability claim. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 15
 The medical evidence, taken as a whole, clearly shows that plaintiff was disabled from November 19, 1981, through May 26, 1982, and after. The record fails to reveal substantial evidence for the Secretary's finding that plaintiff was not disabled and for the District Court's judgment that plaintiff's disability terminated as of May 26, 1982.
 
 
 16
 Accordingly, the District Court's judgment is reversed.